UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60162-RAR

**IMPERIAL FUND I, LLC**,

    Plaintiff,

v.

**ABIMBOLA ORUKOTAN**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

**THIS CAUSE** comes before the Court on Plaintiff Imperial Fund I, LLC's ("Imperial") Motion for Remand and Request for Attorney's Fees [ECF No. 12] ("Motion"). Having considered the Motion, Defendant's Response in Opposition [ECF No. 17] ("Response"), Plaintiff's Reply [ECF No. 18] ("Reply"), and the record, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 12] is **GRANTED**. For the reasons set forth below, this case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

## BACKGROUND

This matter involves one of two mortgage foreclosure actions filed by Imperial against Defendants Bim's Investments, LLC ("Bim's") and Abimbola Orukotan for Bim's default under the terms of the subject notes, mortgages, and security agreements, entered into by the parties. Orukotan, in his capacity as Manager for the now-dissolved Bim's, executed the requisite loan documents mortgaging two properties located in Broward County as security for repayment of the notes. The tortured litigation history between these parties includes the following actions taken

by Defendant Orukotan: seven Notices of Appeal to the Florida Fourth District Court of Appeal; three Notices/Petitions to the Florida Supreme Court; two Chapter 11 bankruptcy petitions in the Bankruptcy Court for the Southern District of Florida; one appeal of a Chapter 11 bankruptcy matter in the Southern District of Florida; countless motions for rehearing, reconsideration and objections to the trial court rulings; and now, two removals as well as an affirmative federal claim filed against Imperial and Imperial's foreclosure counsel.[1] *See generally* Mot. at 3-7 (providing a detailed description of the litigation history).

Imperial initiated this foreclosure action on February 12, 2019, and effectuated service on both Defendants on February 19, 2019. Notice of Removal [ECF No. 1] at 2. Final Judgment was initially entered on September 25, 2019, with a foreclosure sale of the property at issue scheduled for October 30, 2019. *See* Mot., Ex. 7. This date was pushed back multiple times as the result of Defendants' appeals, and the property was then set for foreclosure sale on December 1, 2020. *Id.*, Ex. 11. Shortly before that scheduled sale, on November 25, 2020, Orukotan filed an involuntary petition of bankruptcy against Bim's in the United States Bankruptcy Court for the Southern District of Florida. *See In re Bim's Investments, LLC*, No. 20-22899 (Bankr. S.D. Fla. Nov. 25, 2020).[2] The Bankruptcy Court dismissed the case with prejudice, finding "indicia of bad faith" and prohibiting Bim's and Orukotan from filing another voluntary or involuntary case by or against Bim's Investments for a period of one year. Order Dismissing Involuntary Case with Prejudice

---

[1] The other removed case is *Imperial Fund I, LLC v. Orukotan*, No. 21-CIV-60160 (S.D. Fla. filed Jan. 22, 2021), in which Judge Singhal granted Plaintiff's Motion for Remand. Omnibus Order [ECF No. 9], *id*. The affirmative case brought by Orukotan against Imperial and Imperial's foreclosure counsel is *Orukotan v. Raymond*, No. 20-CIV-62321 (S.D. Fla. filed Nov. 13, 2020).

[2] Plaintiff states that this bankruptcy petition was filed "[o]n November 30, 2020, the day before the foreclosure sale," Mot. at 6, which is contradicted by a simple glance at the Bankruptcy Court's docket. Because this case involves a lengthy litigation history, the Court will assume that this was a mere oversight, but nevertheless wishes to be clear for the record.

[ECF No. 11], *id*. (Bankr. S.D. Fla. Dec. 23, 2020); *see also* Mot., Ex. 12.  Imperial then filed its Motion to Reschedule the Foreclosure Sale on December 29, 2020, *id.*, and shortly before a hearing on the matter scheduled for January 22, 2021, Orukotan filed the instant Notice of Removal.

## **LEGAL STANDARD**

A defendant is permitted to remove a case from state court to federal court if the case could have been brought in federal court in the first instance.  28 U.S.C. § 1441.  This includes actions where the federal court has diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship between the plaintiff and all defendants and an amount in controversy exceeding $75,000.  In addition, under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

As to the timeliness of removal, Congress has established a bifurcated removal regime under which a state court defendant may remove a case to federal court at one of two procedurally distinct moments in time.  If it is facially apparent from the initial pleading that federal subject matter jurisdiction exists, 28 U.S.C. § 1446(b)(1) requires that removal be accomplished "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action is based."  If removal is not proper based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id*. § 1446(b)(3).  "As construed by district courts in this Circuit, the 30-day removal period prescribed by § 1446(b) commences running as soon as a defendant is able to ascertain intelligently that the action is removable."  *Scriptchek Visual Verifications Sys., Inc. v. R.R. Donnelley & Sons Co.*, No. 20-CIV-61261, 2021 WL 226095, at *2 (S.D. Fla. Jan. 22, 2021) (citation omitted).

This late-removal procedure also has a time limit, however, as a case that comes to satisfy the substantive requirements of federal diversity jurisdiction may not be removed "more than 1 year after the commencement of the action." 28 U.S.C. § 1446(c)(1). The sole exception to this one-year removal cutoff is where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id*. § 1446(c)(1).

On a motion to remand, the removing party shoulders the burden of establishing federal subject matter jurisdiction. *Conn. State Dental Ass'n v. Anthem Health Plans*, *Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Critical to the analysis here, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see also Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003) (explaining that the time constraints of § 1446(b) are "mandatory and must be strictly applied").

## ANALYSIS

Remand is required in this case for several reasons. As an initial matter, although not raised by Plaintiff, removal is *per se* improper because it was undertaken after the entry of final judgment and the exhaustion of Defendant's appellate remedies in the state court system. "When a defendant in a foreclosure action attempts 'to remove a foreclosure action after final judgment, there is no state-court action pending at the time to remove, inasmuch as nothing remains for the state courts to do but execute the judgment.'" *McLean v. Terence Nero*, No. 8:20-cv-108-T-60CPT, 2020 WL 2084775, at *1 (M.D. Fla. Apr. 30, 2020) (quoting *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 628 (11th Cir. 2019)) (alterations omitted). Nevertheless, because Imperial requests attorney's fees in its Motion, the Court shall consider Defendant's arguments to determine if he

had an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Defendant insists that "removal is primarily based on federal question jurisdiction" because the choice-of-law clause in the underlying promissory note "creates and governs Plaintiff's alleged claim and cause." Notice of Removal at 1.[3] Defendant argues further that "removal is also based on [d]iversity jurisdiction because of the diverse citizenships of the Defendant in Florida, and the Plaintiff with its managing members in Delaware." *Id*. Finally, Defendant argues that the Notice of Removal is timely because counsel for Plaintiff in the underlying foreclosure action, Harris S. Howard, Esq., failed to allege that the underlying suit was brought "by and through" him and his law firm. *Id*. at 2. Because of this flaw, Defendant believes that "any and all other actions and proceedings done on behalf of the Plaintiff" in state court should be "deemed as nullities" since they run afoul of Florida's requirement that a fictional corporate entity must bring a lawsuit "by and through" an attorney. *Id*. at 2-3. The Court addresses these arguments in turn, finding no credible basis for any of them.

   *i. Federal question jurisdiction*

At no point in this litigation have Plaintiff's claims invoked federal question jurisdiction. To be removable on grounds of federal question jurisdiction, the case must arise under federal law. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). In addition, "[t]he 'well-pleaded complaint' rule instructs that a case does not arise under federal law unless a federal

---

[3] Defendant stated that he "intend[ed] to amend this [N]otice within the allocated thirty days prior to February 8, 2021." Notice of Removal at 2 (emphasis in original). However, that date passed with no attempt at amendment by Defendant, and because he insists in his Response that his Notice of Removal adequately invoked this Court's jurisdiction, the Court presumes that Defendant will not be pursuing any such amendment. Accordingly, the Court considers only the information and arguments promulgated in Defendant's Notice of Removal and his Response, and does not express any view as to whether amendment would have been proper.

question is presented on the face of the plaintiff's complaint." *Madzimoyo v. The Bank of NY Mellon Trust Co., N.A.*, 440 F. App'x 728, 729 (11th Cir. 2011) (citing *id*. at 808; *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997)). In *Madzimoyo*, the Eleventh Circuit provided an apt summary of how to determine when a federal question is presented on the face of the plaintiff's complaint:

> A federal question is presented by the complaint when the suit relies on a federal cause of action or where "the vindication of a right under state law necessarily turned on some construction of federal law." *See Merrell Dow*, 478 U.S. at 808, 106 S. Ct. 3229. Under this latter analysis, federal question jurisdiction should be narrowly construed. *See id*. at 810–14. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," even where the interpretation of federal law may constitute an element of the state cause of action. *Id*. at 813. More recently, the Supreme Court fashioned another test for deciding whether federal courts should exercise federal question jurisdiction over removed state court proceedings: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).

*Id*. at 730.

The promissory note at issue here states that it "shall be governed by and construed and enforced in accordance with the laws of the United States of America, and . . . to the extent not covered thereby, otherwise be governed by and shall be construed and enforced in accordance with the laws of Florida . . ." Notice of Removal, Ex. 2 at 33. Contrary to Defendant's assertions, this mere fact does not create federal question jurisdiction. Plaintiff's Complaint sought foreclosure on a mortgage under sections 45.031 and 702.10 of the Florida Statutes, as well as an assignment of leases and rents under sections 673.3011 and 697.07 of the Florida Statutes. *Id*. at 24-27. These are run-of-the-mill state law causes of action. "If the plaintiff elects to bring only state law causes

of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

Courts in this circuit and others have held that the mere presence of a choice-of-law provision that invokes federal law does not create federal question jurisdiction over a state law cause of action where the removing party does not point to any specific federal law necessary to resolve the dispute. In *Bank of NY Mellon v. Faro*, the defendant removed a "straightforward mortgage foreclosure action[,]" arguing that federal question jurisdiction was present because "the mortgage's governing law provision that asserts federal law and state law regulate[d] the parties' obligations and rights." No: 2:17–cv–65–FtM–38CM, 2017 WL 711240, at *2 (M.D. Fla. Feb. 23, 2017). The court rejected this argument and remanded the case because the defendant provided no explanation as to how "federal law creates the cause of action or resolution of the action depends on a substantial question of federal law. The [c]ourt disagree[d] with the notion that a mortgage's governing law provision, which does not require federal law govern alone, is enough to establish subject matter jurisdiction under 28 U.S.C. § 1331." *Id.*; *see also Monterey Cty. Bank v. Barnard*, No. 17-CV-02716, 2017 WL 5665119, at *3 (N.D. Cal. Nov. 27, 2017) ("Defendants do not explain why Plaintiff's state law causes of action for breach of promissory note, breach of guaranty, and enforcement of a personal property security interest necessarily raise federal issues . . . [E]ven if the UCC financing statement must be construed according to federal law in the instant case, Plaintiff's complaint presents only ordinary state law contractual causes of action."); *Access Grp., Inc. v. Frederico*, No. 06-cv-275, 2006 WL 8456723, at *3 (D. N.H. Oct. 5, 2006) ("[W]hile the promissory note's choice-of-law provision refers to federal law, neither the note, nor [defendant]'s opposition papers, point to any specific federal law or right that requires

this court's consideration.  The right to a federal forum cannot be created contractually by a choice-of-law provision, and principles of federalism prevent this court from interfering in a state proceeding concerning a cause of action traditionally governed by state law.") (internal citations omitted).  Such is the case here.  Defendant points to no federal law necessary to resolve these state law claims, and therefore no federal question jurisdiction is present under section 1331.

Even if the choice-of-law provision in the promissory note were enough to bring Plaintiff's claims under the ambit of the Court's federal question jurisdiction, removal would then be untimely under section 1446(b).  Plaintiff's Complaint—which was served on Defendant more than two years ago—made clear that the action was based on a breach of the promissory note.  Indeed, the Complaint even attached the promissory note as an exhibit.  *See* Notice of Removal, Ex. 2 at 29-35.  Thus, pursuant to section 1446(b), Defendant would have needed to remove this case within 30 days of service for removal to have been timely.  His reliance on the original Complaint to establish federal question jurisdiction places Defendant "in a Catch-22 of [his] own making . . . If it is removable now, it was removable then."  *Scriptchek*, 2021 WL 226095, at *6.

### ii. *Diversity jurisdiction*

The Notice of Removal does not establish the existence of diversity jurisdiction.  Defendant offers only that the case properly invokes the Court's diversity jurisdiction under section 1332 "because of the diverse citizenships of the Defendant in Florida, and the Plaintiff with its managing members in Delaware."  Notice of Removal at 2.  To sufficiently allege the citizenship of a limited liability company, a party must list *all* the members of the limited liability company along with each member's citizenship.  *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004).

Here, Defendant does not list any of the Plaintiff LLC's members and refers only to the

"managing members." More importantly, Defendant offers no support whatsoever for his jurisdictional allegations, and a "mere unverified contention" regarding the citizenship of the parties "is insufficient to satisfy the Court that the requirements of diversity jurisdiction have been met." *Jiangmen Benlida Printed Cir. Co., Ltd. v. Circuitronix LLC*, No. 21-CIV-60125, 2021 WL 230178, at *2 (S.D. Fla. Jan. 22, 2021); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1227-28 (11th Cir. 2017) (finding that mere allegations regarding the citizenship of LLC members was insufficient and reminding district courts that they must "make sure parties satisfy the requirements of diversity jurisdiction [and] be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century"). Accordingly, Defendant has failed to establish the existence of diversity jurisdiction.

Removal on this basis is also untimely and therefore improper. Defendant's attempt at removal—occurring nearly two years after the commencement of this action—far exceeds the one-year time limit of section 1446(c)(1), and Defendant has fallen far short of establishing any bad faith on the part of Plaintiff. In 2011, Congress amended 28 U.S.C. § 1446(c) to allow for a bad faith exception to the one-year limitation on diversity removal, recognizing that without such an exception, plaintiffs could intentionally avoid removal of an otherwise removable case. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.12 (11th Cir. 1994) (stating that, prior to the 2011 amendment, Congress "recognized and accepted that, in some circumstances, plaintiff[s] can and will intentionally avoid federal jurisdiction."). "The plaintiff's claims are in bad faith if, by his actions, he attempted to disguise the existence of the removability of the case until the one-year limitation had run." *Hill v. Allianz Life Ins. Co. of N.A.*, 51 F. Supp. 3d 1277, 1281 (M.D. Fla. 2014) (citation and internal alterations omitted).

Defendant argues in his Notice of Removal that Plaintiff, "[i]n bad faith," failed to allege

in its Complaint that the action was brought "by and through" an attorney, thereby rendering removal timely. Notice of Removal at 2. In a puzzling twist, however, Defendant then insists in his Response that Plaintiff's counsel "twist[ed] Defendant's claim that matters in the state court are nullities, into her own suggestion that it was a claim of 'bad faith.'" Resp. at 3. "If anything," Defendant argues, his "claim of bad faith is based on the racketeering and other fraudulent activities that is now admittedly done by Plaintiff's state court attorney." *Id*.

The Court cannot discern the precise nature of Defendant's argument, but regardless, it is woefully insufficient to save his attempt at removal. If Defendant denies making any allegations of bad faith, then the removal is *ipso facto* untimely because it occurred more than one year after the commencement of this action. *See* 28 U.S.C. § 1446(c)(1). Alternatively, none of Defendant's allegations regarding the actions of Plaintiff's counsel bear any relation whatsoever to any efforts to "disguise the existence of the removability" of this case. *Hill*, 51 F. Supp. 3d at 1281; *see also Wilson v. Fresh Market, Inc.*, No. 9:19-cv-81037, 2020 WL 355192, at *5 (S.D. Fla. Jan. 3, 2020) ("[T]hose cases finding bad faith conduct on behalf of plaintiffs . . . largely concern affirmative, deliberate acts that clearly reflect attempts at gamesmanship."), *report and recommendation adopted*, 2020 WL 354967 (S.D. Fla. Jan. 22, 2020). Thus, removal based on diversity jurisdiction was in clear violation of the time constraints of section 1446.

### iii. The **Rooker-Feldman** *Doctrine*

To the extent Defendant asks this Court to declare "any and all [] actions and proceedings done in the state court . . . as nullities," Notice of Removal at 2, this Court is without jurisdiction to do so. "The *Rooker–Feldman* doctrine is a limitation on the jurisdiction of the inferior federal courts. This limitation is intended to prevent the federal courts from hearing what are essentially appeals from state court decisions, which may only be heard by the United States Supreme Court."

*Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018).  Pursuant to the doctrine, federal district courts "have no authority to review the final judgments of state courts."  *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*).  "Significantly, even if the state court judgment was unconstitutional, *Rooker-Feldman* prevents a federal district court from correcting the error."  *Semexant v. HSBC Bank USA*, No. 20-cv-60138, 2020 WL 3581480, at *1 (S.D. Fla. June 24, 2020) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)).

Defendant's removal is a blatant attempt at appealing the final judgment of foreclosure entered in state court.  Indeed, Defendant's insistence that the state court proceedings are "null" directly mirrors the arguments rejected in the doctrine's namesake.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414 (1923) (rejecting, as falling outside the jurisdiction of the district court, a suit that sought to have an Indiana state court's judgment "declared null and void").  Such attempts "to effectively nullify the final judgment of foreclosure" are "clearly barred" by the *Rooker-Feldman* doctrine.  *Uppal v. Wells Fargo Fin.*, No. 8:19-cv-2319-MSS-TGW, 2021 WL 519343, at *3 (M.D. Fla. Feb. 8, 2021); *see also Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1320 (S.D. Fla. 2011) ("[T]he Eleventh Circuit and many district courts in this circuit have applied *Rooker-Feldman* to dismiss actions where plaintiffs were, in reality, challenging state-foreclosure judgments.") (collecting cases).  Accordingly, the Court is without subject matter jurisdiction over this case for this additional reason.

### iv.  Attorney's Fees

After entering an order of remand, courts may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an

objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. The "'appropriate test for awarding fees under § 1447(c)' is to balance deterring 'removals sought for the purpose of prolonging litigation and imposing costs on the other party,' and safeguarding defendants' statutory right 'to remove as a general matter, when the statutory criteria are satisfied.'" *Bujanowski v. Kocontes,* 359 F. App'x 112, 113–14 (11th Cir. 2009) (quoting *id*. at 140).

Here, Defendant possessed no objectively reasonable basis for seeking removal because each of his arguments in regards to the existence of federal subject matter jurisdiction ran afoul of clearly established precedent. *Cf. Darragh v. Nationwide Mut. Fire. Ins. Co.*, No. 6:14–cv–104–Orl–41KRS, 2014 WL 4791993, at *5 (M.D. Fla. Sept. 24, 2014) (finding that defendant's arguments in favor of removal, although unsuccessful, were objectively reasonable because "[a] substantial conflict of authority exist[ed] among the federal district courts within this State"). Moreover, the severe "untimeliness of Defendant[']s Notice of Removal makes the removal even more unreasonable and therefore further supports the [] [C]ourt's conclusion that an award of attorneys' fees [is] appropriate in this case." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 426 F. App'x 888, 893-94 (11th Cir. 2011).

Because Defendant is proceeding *pro se*, the Court might otherwise be willing to overlook Defendant's legal shortcomings, but a review of the record strongly supports the inference that removal was sought for the purpose of prolonging or evading the foreclosure proceedings that had been finally adjudicated in state court. This Court refuses to permit such an apparent abuse of the removal statutes and procedures. Accordingly, Plaintiff may recover the actual amount of attorney's fees and costs incurred as a result of improper removal of this action, subject to the Court's approval. Pursuant to Local Rule 7.3(c), Plaintiff shall provide the Court, within **thirty (30) days** from the date of this Order, relevant time records and an accompanying affidavit

substantiating its request for attorney's fees.

## CONCLUSION

Based on the foregoing, the Court finds that Defendant has provided no reasonable basis for the removal of this action from state court. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand and Request for Attorney's Fees [ECF No. 12] is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. The Clerk of Court is directed to **CLOSE** this case. All pending motions are **DENIED AS MOOT**. The Court retains jurisdiction to enter an award of attorney's fees and costs.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 25th day of February, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**